GENTHNER *v.* FAGAN and wife.

(*Nashville.* March 5th, 1887.)

CHANCERY PLEADING. *Defense by answer, without cross-bill. Impeachment of mortgage for fraud.*

A married woman who has been induced to join in the execution of a mortgage, upon her homestead, by the fraudulent representations of her husband and the mortgagee, that the homestead was not included therein, may properly make her defense to the mortgagee's bill to foreclose, by *answer* impeaching the mortgage for such fraud. A cross-bill is not necessary in such case.

(See, as bearing on this question, Furguson *v.* Coleman, 5 Heis., 378.)

FROM DAVIDSON.

Appeal from Chancery Court of Davidson County. A. G. MERRITT, Ch.

J. P. HELMS and A. S. MARKS for Genthner.

W. G. BRIEN & SON for Fagan and wife.

TURNEY, C. J. The bill was filed to foreclose a mortgage. The wife answers, and says she did not execute the mortgage, as charged, and that she never conveyed nor intended to convey the lot described and asked to be sold. She gives facts showing a fraudulent collusion on the part of her husband and complainant to procure her

signature and acknowledgment. The proof shows that such is the truth of the case; that she charged it upon complainant and he confessed.

The Chancellor and Commission correctly held the mortgage fraudulent and void as to the wife.

It is insisted that the defense cannot be made by answer, and could only be by cross-bill. We think not. The wife is not an actor in the suit. She is on the defensive, attempting to protect her homestead. She is not seeking active relief, but asks to be let alone in her occupancy. The complainant is assailing that occupancy by alleging the wife has lawfully parted with the right to it. When she denies, the laboring oar is upon him to make his case. To that end he produces the deed, regular in form, and his case is *prima facie* made. That deed, however, is only a witness, and may be impeached. The impeachment process here was to show that it was obtained by fraud and under circumstances amounting to moral if not legal forgery. The complainant is shown to have confessed to Mrs. Fagan, in the presence and hearing of witnesses not assailed, that he did deceive and induce her to sign a deed to her home when she had agreed only to sign a mortgage to a vacant lot and positively refused to sign one to the home place. Complainant was endeavoring to induce Mrs. Fagan to sign a second mortgage to the homestead on account of some suggestions some adviser had made to him about the one before us. She said: "I will not. You fooled me

once before.   You came and brought a paper for me to sign, and you and Fagan made me believe it was a mortgage on my vacant lot and not on my homestead; and you did not read it to me, but made me sign it at the wash-tub, when I had not *writ* my name for fifteen years, and did not know what I was signing." She then said: "Did I ever agree to give you a mortgage on my home place?   Now, Mr. Genthner, 'I ask you, on the word of a gentleman, did I?" He said, "No; you never did." He was asked why the mortgage was not read to her when she signed it. He replied he did not know much about the law. She rejoined, "You knew enough about it to fool me." He replied, "Well, go show me the vacant lot."

The issue is, Was there a mortgage?   The confession of complainant shows conclusively there was no mortgage.   The *onus* is upon him to show the truth of the allegation of his bill.   Out of his mouth he is convicted.   If he had in court said to the Chancellor what he is shown to have said to truthful witnesses his case would have failed. Then, why not under the proof?

If the wife was the mover, certainly she would have to proceed by bill.   In that case there would be reason to require it; but what reason can be urged that she shall do so when acting on the defensive?   If no substantial reason exists for a rule, there is no law for it.

If an action of ejectment is brought, and in the progress of the trial a forged or fraudulent deed

is offered with certificates regular in form, good on its face, must the party against whom it is offered stop in the midst of trial and file his bill to set the deed aside for the fraud in its execution, or may he show the fraud at the instant? The latter has been the practice, and was pursued in *Cousins* v. *Stevenson*, decided by this Court in 1875.

If the trustee or mortgagee had instituted ejectment in the case before us, certainly the defendants would have been permitted to show the fraud and defeat the recovery at law.

The bill to foreclose is nothing more nor less than a suit in ejectment in chancery, and may be defended as at law, with the advantage to complainant that the grounds of defense must be fully stated in the answer, while at law, under the plea of not guilty, the defenses of fraud in the execution and the like may be shown. If the technical objection urged was ever the law in this State it should no longer be so. Decree affirmed. Report confirmed.